**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

PATRICIA SPEARMAN                                                   PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:18-CV-113-RP

COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

## FINAL JUDGMENT

Plaintiff Patricia Spearman filed suit under § 1631(c)(3) of the Social Security Act,

42 U.S.C. § 1383(c), for judicial review of the unfavorable decision of the Commissioner of

Social Security regarding an application for disability insurance benefits and supplemental

security income. The parties have consented to entry of final judgment by the United States

Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of

Appeals for the Fifth Circuit. Docket 12. The Court, having considered the record, the

administrative transcript, the briefs of the parties, the oral arguments of counsel and the

applicable law, and as explained further from the bench at the conclusion of the hearing hereon,

finds as follows:

The Commissioner's decision does not comport with proper legal standards and is not

supported by substantial evidence. In the absence of reliable medical evidence from a treating or

examining physician controverting the opinions of the plaintiff's treating physicians Dr. Jorge

Leal and Dr. Jamie Castillo, the ALJ committed error in rejecting those opinions without

conducting a proper analysis under *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000) and

20 C.F.R. § 404.1527(c)(2). The functional limitations ascribed to the plaintiff by Dr. Leal and

Dr. Castillo were presented in separate hypotheticals to the vocational expert, who testified that

the individual in each hypothetical would be unable to perform work in the national economy.

Because a proper *Newton* analysis of the subject medical opinions may have resulted in them being afforded more weight and therefore may have altered the Commissioner's decision, the error prejudiced the plaintiff and is therefore reversible. The Commissioner's decision is reversed and remanded for a de novo review of the plaintiff's application.

 **SO ORDERED**, this, the 12th day of March, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE